# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DERRICK S. GALVIN**  **PLAINTIFF**
**ADC #163461**

**V.**            **4:19CV00615 SWW-JTK**

**STEVEN ROSENBAUM, Director,**  **DEFENDANTS**
**Department of Justice,** *et al.*

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Derrick S. Galvin, currently in custody at the Varner Supermax Unit of the Arkansas Department of Correction, filed this civil rights action pro se under 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915. (Doc. Nos. 1, 2). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion (Doc. No. 1) should be denied. 28 U.S.C. § 1915(a).

### II.    Screening

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had three complaints dismissed for failure to state a claim, and is considered "three-striker" within the meaning of the PLRA.[1] Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. § 1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

In his Complaint, Plaintiff alleges that "mind and body technology – (project MK-Ultra and mind control technology) Ed. by Axel Balthazar" is being used on him for the commission of "sexual, rapist, torturous, painful methods" and "the infliction of pain without legal consent or permission." (Doc. No. 2 at 12). Plaintiff maintains he has written numerous individuals, including President Trump, in an effort to stop the use of the technology on him.

While Plaintiff alleges that he is being harmed, the Court finds his allegations frivolous. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Court further finds Plaintiff's allegations do not evidence a likelihood of an imminent serious injury and that Plaintiff is not entitled to invoke the imminent danger exception to the three strikes rule.

---

[1] Galvin v. Carroll, et al., 5:19-CV-75-KGB (dismissed for failure to state a claim on which relief may be granted); Galvin v. Kelley, et al., 5:18-CV-316-BSM (dismissed as frivolous); and Galvin v. Wright, et al., 4:18-CV-117-BSM (dismissed for failure to state a claim on which relief may be granted); and Galvin v. Jones, et al., 1:18-CV-87-DPM (dismissed for failure to state a claim on which relief may be granted).

**III.     Conclusion:**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff Derrick S. Galvin's Motion to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2. Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number, within ten (10) days of the date of the Court's Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 5th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE